### GRIMM et v MODEST et

Ohio Appeals, 2nd Dist, Montgomery Co

No 1508. Decided May 25, 1939

John W. Dale, Dayton, and A. K. Meck, Dayton, for plaintiffs-appellants. Scharrer, Scharrer. McCarthy & Hanaghan, Dayton, for defendants-appellees.

## OPINION

By BARNES, J.

The above entitled cause is now being determined as an error proceeding by reason of plaintiffs' appeal on questions of law from the judgment of the Court of Common Pleas of Montgomery County, Ohio.

Plaintiffs' petition against the defendants is an action in tort for the claimed unlawful possession of a storeroom located at 46 West Third Street in the City of Dayton, Ohio; also included in the claimed damages are items designated as waste; other allegations of the petition seek to have included in the elements of damages plaintiffs' loss through not being able to deliver the premises to a tenant at the time prescribed in the contract of lease and also damages occasioned through plaintiffs being compelled to provide a location for the new tenant at a price below the rental value.

Defendants filed a motion directed to plaintiffs' petition, specifications Nos. 1, 2, 3 and 4 being requests to strike, No. 5, to make more specific and certain, and No. 6, to separately state and consecutively number the various causes of action. The trial court sustained defendants' motions as to specifications Nos. 1, 2, 3 and 6, and overruled as to Nos. 4 and 5. The plaintiff courteously declined to amend the petition and thereupon the lower court dismissed plaintiffs' petition. This cause was before our Court at a former term at which time we affirmed the judgment of the lower court on procedural grounds.

The matter was carried to the Supreme Court where our finding and judgment was reversed and cause remanded with directions to determine the correctness of the trial court's action in striking parts of the plaintiffs' allegations from the petition.

The sole and only question for our determination is whether or not the trial court was in error in striking specifications 1, 2 and 3 from the petition, and also sustaining motion to separately state and consecutively number the various causes of action.

We are favored with a written opinion of the trial court. It appears therefrom that the motions were sustained on the theory that plaintiff would be limited in his damages to the reasonable market rental value of the premises in question. The items 1 and 2, which the trial court ordered stricken, sought to present facts through which other facts might be brought into the case as an element of damage.

We now take up and determine in order the action of the lower court as to specifications 1, 2, 3 and 6. Under specification 1 the court struck from the petition the following allegation:

"And plaintiffs made a contract with Michael M. Epstein to lease said premises and storeroom to him on February 1, 1937, for a five year term and to give possession on February 1, 1937, or with-

in a reasonable time thereafter. A reasonable time within which to give him such possession did not extend any later than March 31, 1937."

We think the trial court ██ was in error in striking this allegation from the petition.

Had the action been merely one to recover the use and occupation of the premises the measure of recovery would have been the reasonable rental value of such storeroom.

It very clearly appears from the petition that the plaintiffs who were the owners of the fee in the premises, did not elect to treat the defendants as tenants, but on the contrary treated them as trespassers. Plaintiffs not only gave oral and written notice to vacate but followed up with an action in forcible entry and detention, which proceeding resulted in a judgment of ouster; defendants carried the action to a higher court where the judgment of the lower court was affirmed.

Plaintiffs' present action is unquestionably one in tort, and thereunder any special facts which increase plaintiffs' damages over and above the fair rental value of the premises are proper to be alleged in the petition.

It is the contention of plaintiffs that they had entered into a contract of lease with Michael F. Epstein for the storeroom in question with agreement to give possession on February 1, 1937, or within a reasonable time thereafter. The petition contains the further allegation that plaintiffs were not able to secure the possession of said premises for their new tenant Epstein until June 14, 1937.

It having been judicially determined that defendants' possession was unlawful, plaintiffs having treated them as trespassers, the latter should certainly be entitled to recoup their losses by reason of defendants' unlawful occupancy. If plaintiffs had a bona fide tenant, able and willing to pay a specified rent, and were prevented from receiving it by reason of the unlawful acts of the defendants, we are unable to see why this might not be a proper matter to

present in evidence as showing plaintiffs' damages.

Of course without alleging it it could not be presented in evidence.

Item No. 2 of the motion reads as follows:

"By virtue of not being able to give him possession of said premises and storeroom until the defendants vacated the same, the plaintiffs were compelled to rent another room to said Michael F. Epstein from March 1, 1937, until July 7, 1937, at $75.00 per month less than the reasonable rental thereof for that period."

Counsel for plaintiffs in their brief present as the basis for this claim that in order to appease Epstein and minimize the damages which Epstein might claim against them, they arranged to locate him temporarily in another room owned by them, but in making such arrangement it was necessary to let Epstein have it at a rental $75.00 less than its reasonable rental value. We think this is a ██ proper element for plaintiffs to include in their claimed damages.

A very splendid treatise on the principles presented through the allegations of the petition and the motion to strike will be found at page 385, Vol. 39 of American Law Reports Annotated. We have also examined the case of **City of Cincinnati v Evans**, 5 Oh St 594. The third paragraph of the syllabus reads as follows:

"In an action of trespass for an injury to a building occupied by the plaintiff as a store, resulting in an interruption of his business, he may recover, in addition to the damages done to the building, such further sums as will compensate him for the loss of its enjoyment while such interruption continued."

Also see **Gladwell v Holcomb, et**, 60 Oh St 427. In this case it is held that where a tenant holds over after his term a landlord has the option to treat

him as a tenant or as a trespasser. Also see O. Jur., Vol. 24, §468, p. 1213:

"The landlord is entitled to recover against a tenant by sufferance reasonable damages and costs sustained by him in an action brought by a party to whom he had contracted to deliver the premises and to whom the tenant's wrongful act prevented him from delivering possession."

Specification to strike No. 3 is of little moment.

The trial court ordered the two words "they persuaded" to be stricken, and we find no error in this order.

The words used might imply that the pleader was intending to charge the clerk of courts with improper action. If such was the intention of the pleader, it would not be pleading substantive facts but a mere conclusion. We do not understand that such was the intention of the pleader but merely intended to say that the clerk did issue said certificate. Under the latter facts it would be preferable to change the words.

We now consider specification No. 6 which, as heretofore stated, is a request to separately state and number the various causes of action.

We do not find stated in the petition more than one cause of action and hence this specification of motion will be overruled.

The basis for the action is trespass.

It is true that there are various elements of damages, but we find no infraction of the rule of pleading to state all such elements in one cause of action. We are referred to the case of Brown v Lake, 29 Oh St 64. On page 66, Rex, J., delivering the opinion of the court, makes the following statement:

"The petition contains a single cause of action, the gist of which is the unlawful entry and the removal of the roof, and the circumstances of special injury alleged to have resulted there-from are merely alleged in aggravation of the damages sought to be recovered on account of the trespass." Citing **Wilcox v McCoy, 21 Oh St 655.**

See also: Freelove v Gould, 3 Kas. Appl. 750, 2d syllabus:

"The plaintiff in an action to recover damages for trespass upon real estate who seeks to aggrevate the damages by showing wrongs committed by the defendant in the destruction of or injury to personal property of plaintiff on such premises must allege the aggravating circumstances in his pleadings."

The judgment of the lower court will be reversed and cause remanded with instructions to overrule specifications 1 and 2 of motion to strike from plaintiffs' petition, and also to overrule specification No. 6 to separately state and number. As to specification No. 3 the judgment of the trial court will be sustained.

Costs in this Court will be adjudged against the appellee.

HORNBECK, PJ, and GEIGER, J, concur.